OPINION
{¶ 1} On May 28, 2003, appellee, the Stark County Department of Jobs and Family Services, filed a complaint for temporary custody of twins Mehkye and Mel-Chezidek Vann born May 22, 2003, alleging the children to be dependent. Mother of the twins is appellant, Latasha Humphries; father is Robert Vann. By judgment entry filed June 24, 2003, the trial court found the children to be dependent and granted temporary custody to appellee.
 {¶ 2} On October 19, 2004, appellee filed a motion for permanent custody based upon the parents' failure to comply with the case plan. A hearing was held on March 24, 2005. By judgment entry filed April 18, 2005, the trial court granted permanent custody of the twins to appellee. Findings of fact and conclusions of law were filed same date. On April 20, 2005, the trial court filed nunc pro tunc findings and conclusions to correct a date.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "APPELLANT WAS PREJUDICIALLY DEPRIVED OF HER UNITED STATES AND OHIO CONSTITUTIONAL RIGHTS TO A FAIR TRIAL DUE TO THE INEFFECTIVE ASSISTANCE OF COUNSEL."
 II {¶ 5} "THE TRIAL COURT ERRED AS A MATTER OF LAW IN FINDING THAT THE PARTIES WERE ON NOTICE OF PERMANENT CUSTODY GROUNDS THAT WERE NOT LISTED IN THE INITIAL COMPLAINT FOR PERMANENT CUSTODY."
 III {¶ 6} "THE TRIAL COURT ERRED IN ITS DETERMINATION THAT THE STARK COUNTY DEPARTMENT OF JOB AND FAMILY SERVICES PUT FORTH GOOD FAITH AND DILIGENT EFFORTS TO REHABILITATE THE FAMILY SITUATION, WHEN THE TESTIMONY SHOWED THAT THE DEPARTMENT NEVER INTENDED TO RETURN THESE CHILDREN, ESPECIALLY IN THE FIRST TWELVE MONTHS OF CUSTODY."
 IV {¶ 7} "APPELLANT WAS DENIED HER DUE PROCESS RIGHTS UNDER THE UNITED STATES CONSTITUTION WHEN THE COURT FAILED TO ADDRESS HER MOTION TO RETURN HER CHILDREN, AND FAILED TO PERMIT HER COUNSEL TO CROSS-EXAMINE AS TO THE TWELVE OUT OF TWENTY-TWO MONTH FINDING."
 V {¶ 8} "THE JUDGMENT OF THE TRIAL COURT THAT THE MINOR CHILDREN CANNOT OR SHOULD NOT BE PLACED WITH APPELLANT WITHIN A REASONABLE TIME WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."
 VI {¶ 9} "THE JUDGMENT OF THE TRIAL COURT THAT THE BEST INTERESTS OF THE MINOR CHILD WOULD BE SERVED BY THE GRANTING OF PERMANENT CUSTODY WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."
 I {¶ 10} Appellant claims her trial counsel was ineffective in failing to address her motion to return children, failing to cross-examine on the twelve out of twenty-two month placement issue and failing to move for a directed verdict. We disagree.
 {¶ 11} The standard this issue must be measured against is set out inState v. Bradley (1989), 42 Ohio St.3d 136, paragraphs two and three of the syllabus, certiorari denied (1990), 497 U.S. 1011. Appellant must establish the following:
 {¶ 12} "2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (State v. Lytle [1976],48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; Strickland v.Washington [1984], 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, followed.)
 {¶ 13} "3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different."
 {¶ 14} Appellant filed a motion for the return of her children on October 19, 2004, the same day the motion for permanent custody was filed. In its April 20, 2005 judgment entry at Finding of Fact No. 4, the trial court found this issue was addressed:
 {¶ 15} "On January 12, 2005 the parties convened for hearing on SCDJFS motion for permanent custody of the Vann children and the initial complaint for permanent custody of Robert Humphries, a sibling of the Vann children born to the mother in the prior three months, and mother's motion for return of legal custody. The parties reached agreement and the court found Robert Humphries to be a dependent child and placed Robert in the temporary custody of SCDJFS. The permanent custody hearing was continued until March 24, 2005."
 {¶ 16} The very language of the January 13, 2005 order set a permanent custody hearing for March 24, 2005. The issue was the placement of the children which was part and parcel of the request for the return of the children. The facts as to both matters were the same. We find counsel for appellant was not deficient in not specifically renewing the motion. In addition, we find no deficiency in his cross-examination of appellee's witnesses.
 {¶ 17} Appellant also claims her trial counsel should have filed a motion for directed verdict. Civ.R. 50 governs motions for directed verdict. Subsection (4) states the following:
 {¶ 18} "* * * the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue."
 {¶ 19} After the presentation of appellee's case, appellant presented herself as a witness. At the close of all the evidence, the trial court ruled and gave its findings. We find there was sufficient evidence presented by appellee to proceed to a defense, and the trial court's ruling was tantamount to the same ruling as on a directed verdict request.
 {¶ 20} Upon review, we do not find any trial counsel deficiency or prejudice to appellant.
 {¶ 21} Assignment of Error I is denied.
 II {¶ 22} Appellant claims the trial court erred in basing the issue of permanent custody on R.C. 2151.414(B)(1)(d), "The child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999," because the motion for permanent custody did not state the basis of the motion was said section. We disagree.
 {¶ 23} From an examination of the motion for permanent custody filed October 19, 2004, we find the motion was made pursuant to R.C. 2151.414
with the specification that the children have been placed outside the home. The motion also states it is founded on "[a]ny other factor the court considers relevant."
 {¶ 24} During the course of the permanent custody hearing, appellee moved the trial court to consider the fact that the children have been in appellee's temporary custody "for 12 of the last 22 consecutive months" as set forth in R.C. 2151.414(B)(1)(d). T. at 7. The trial court granted the request and assured appellant's counsel he would be afforded the opportunity to cross-examine on the issue. Id. No other requests were made. From the record, it is clear that twelve months of a consecutive twenty-two month period had passed from temporary placement to the filing of the permanent custody motion.
 {¶ 25} Upon review, we do not find any prejudice or error given the broad language of the permanent custody motion, the trial court's assurance to permit cross-examination on the issue and the clear fact that the children were in appellee's temporary custody for twelve months out of a consecutive twenty-two month period.
 {¶ 26} Assignment of Error II is denied.
 III, V {¶ 27} Appellant claims the trial court erred in finding the children to be dependent. Specifically, appellant claims the record does not demonstrate that appellee put forth a good faith effort to reunite the family, and the decision is against the manifest weight and sufficiency of the evidence. We disagree.
 {¶ 28} As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (February 10, 1982), Stark App. No. CA-5758. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction (1978), 54 Ohio St.2d 279. A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court. Myers v. Garson,66 Ohio St.3d 610, 1993-Ohio-9.
 {¶ 29} R.C. 2151.414(E) sets out the factors relevant to determining permanent custody. Said section states in pertinent part as follows:
 {¶ 30} "(E) In determining at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353
of the Revised Code whether a child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents, the court shall consider all relevant evidence. If the court determines, by clear and convincing evidence, at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code that one or more of the following exist as to each of the child's parents, the court shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent:
 {¶ 31} "(1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties.
 {¶ 32} "(14) The parent for any reason is unwilling to provide food, clothing, shelter, and other basic necessities for the child or to prevent the child from suffering physical, emotional, or sexual abuse or physical, emotional, or mental neglect."
 {¶ 33} "(16) Any other factor the court considers relevant."
 {¶ 34} Based upon our review in Assignment of Error II, it is clear R.C. 2151.414(B)(1)(d) has been met. Appellee had appellant sign and agree to a case plan filed August 5, 2003. Appellee cooperated with the plan, but was not completely successful. T. at 21, 26, 41. Appellee's witnesses admitted the unsolved death of another child in appellant's custody was a factor, and the children's father acknowledged appellant should not have placement of the children. T. at 21, 27, 48.
 {¶ 35} The twins have severe disabilities and plan on addressing their developmental needs through Eastgate. T. at 17. Appellant "never no showed for visits," but there was a concern about the way she handled things such as "handing the children something that maybe they shouldn't have or um feeding them something maybe they shouldn't have at the time." T. at 12. Appellant did not call or visit one of the twins while in the hospital for a surgery. T. at 30. The guardian ad litem testified Dr. Bello, who conducted a psychological evaluation on appellant, had serious concerns about the death of the child while in her care. T. at 33.
 {¶ 36} Upon review, we find the record demonstrates a good faith effort on the part of appellee to reunite the family, and there is sufficient clear and convincing evidence that appellant is unable to care for the twins.
 {¶ 37} Assignments of Error III and V are denied.
 IV {¶ 38} Appellant claims the trial court failed to address her pending motion to return children, and failed to permit her trial counsel to cross-examine on the twelve month mandate of R.C. 2151.414(B)(1)(d). We disagree.
 {¶ 39} As we stated in Assignment of Error I, the issue of placement and appellant's suitability was fully litigated in the record. The trial court's ruling on the permanent custody motion was in fact a denial of appellant's motion to return her children.
 {¶ 40} Assignment of Error IV is denied.
 VI {¶ 41} Appellant claims the record does not demonstrate that an award of permanent custody to appellee is in the best interests of the children. We disagree.
 {¶ 42} R.C. 2151.414(B) enables trial courts to grant permanent custody if the court determines by clear and convincing evidence that it is in the best interest of the child. R.C. 2151.414(D) sets out the factors relevant to determining the best interests of the child. Said section states relevant factors include, but are not limited to, the following:
 {¶ 43} "(1) The interaction and interrelationshiop of the child with the child's parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child;
 {¶ 44} "(2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
 {¶ 45} "(3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999;
 {¶ 46} "(4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;
 {¶ 47} "(5) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child."
 {¶ 48} Both the social worker and guardian ad litem testified as to the children's disabilities and the suitability of the foster family to adoptive home placement. T. at 15, 24-25. Father's placement has been addressed by this court in In Re: Vann Children (August 22, 2005), Stark App. No. 2005CA00127. Father concurred placement with appellant was not in the children's best interests.
 {¶ 49} Upon review, we find clear and convincing evidence that the best interests of the children would be served with permanent custody to appellee.
 {¶ 50} Assignment of Error VI is denied.
 {¶ 51} The judgment of the Court of Common Pleas of Stark County, Ohio, Juvenile Division is hereby affirmed.
Farmer, J. Boggins, P.J. and Gwin, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, Juvenile Court Division is affirmed.